UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT D. BARNHART, an individual, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHEVY CHASE BANK, FSB; MORTGAGE )<br>ELECTRONIC REGISTRATION SYSTEMS, )<br>INC.; T.D. SERVICE COMPANY; CAPITAL )<br>ONE, N.A., DOE INDIVIDUALS 1-10; and )<br>ROE CORPORATIONS 11-20, )<br>)<br>Defendants. )<br>_____) | Case No.: 2:10-cv-01070-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#16;<br>First Motion to Dismiss–#25;<br>Motion to Expunge Lis Pendens–#26;<br>Motion to Amend Complaint–#38) |

   Before the Court is Defendant Capital One, N.A.'s ("Capital One") **Motion to Dismiss** (#16), filed July 16, 2010. The Court has also considered Plaintiff Robert D. Barnhart's Opposition (#28), filed August 2, 2010, and Capital One's Reply (#32), filed August 12, 2010.

   Also before the Court is Defendant T.D. Service Company's ("TD") **Motion to Dismiss Complaint Against T.D. Service Company** (#25), filed July 27, 2010. The Court has also considered Barnhart's Opposition (#37), filed August 13, 2010, and TD's Reply (#41), filed August 23, 2010.

/

1

1    Additionally, before the Court is Defendants Capital One and Mortgage Electronic
2    Registration Systems, Inc.'s ("MERS") **Motion to Cancel Lis Pendens** (#26), filed July 27, 2010.
3    The Court has also considered Barnhart's Opposition (#36), filed August 13, 2010, and Capital
4    One and MERS' Reply (#40), filed August 23, 2010.
5    Additionally, before the Court is Plaintiff Barnhart's **Motion for Leave to Amend**
6    **Complaint** (#38), filed August 13, 2010.  The Court has also considered Capital One and MERS'
7    Opposition (#42), filed August 30, 2010, and Barnhart's Reply (#43), filed September 9, 2010.
8    Finally, before the Court is Plaintiff Barnhart's **Motion to Remand to State Court**
9    (Dkt. #24, 2:10-cv-01780-RLH-PAL, November 8, 2010).

## BACKGROUND

11   In March 2006, Plaintiff Robert D. Barnhart, realtor and president of Red Rock
12   Realty, began negotiating the terms of a refinance loan with Silver State Financial, Inc ("Silver
13   State").  Throughout these negotiations Silver State acted as Defendant Chevy Chase Bank's
14   agent.  According to Barnhart, the negotiations resulted in an agreement to finance $4,550,000.00
15   at a 1% fixed interest rate and an estimated monthly payment of $14,634.60.  Although this 1%
16   rate was well below the market average, Barnhart claims these terms were reasonable because
17   Silver State was interested in securing referrals from his realty business.  Barnhart further claims
18   these terms were reflected in the Truth in Lending Disclosure Statement that Silver State provided.
19   On July 5, 2006, Barnhart and Silver State met to close the loan.  Following closing, Silver State
20   apparently assigned the loan to Chevy Chase, which, in turn, eventually merged with Capital One.
21   At closing, Silver State allegedly represented to Barnhart that the closing documents reflected the
22   terms agreed upon during their previous negotiations.  However, apparently the note and deed of
23   trust executed by Barnhart contained noticeably different terms.  The note contained provisions
24   allowing for changes in both the interest rate and monthly payment.  Thus, when those changes
25   subsequently occurred Barnhart sent a written request to Chevy Chase to rescind the loan, which
26   Chevy Chase denied.

1        Apparently due to the economic crises that began in 2008, Barnhart experienced cash flow problems and could not make his monthly payments under the note.  Accordingly, foreclosure proceedings commenced in June 2009 and a trustee's sale was set for October 22, 2009.  To prevent foreclosure, and in an attempt to rescind the loan, Barnhart filed suit on October 14, 2009 (the "First Lawsuit"), in the Eighth Judicial District Court, against Defendants.  Then in November 2009, Barnhart filed for bankruptcy.  Also in November, Barnhart's First Lawsuit was removed to the U.S. District Court for the District of Nevada and the case was referred to the Honorable James C. Mahan, District Court Judge. (Case No.: 2:09-cv-02113-JCM-RJJ).  In the First Lawsuit, Barnhart alleged several violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and asserted several state law claims.  However, on March 5, 2010, Judge Mahan granted a motion to dismiss all of Barnhart's claims.  (Dkt. #20, 2:09-cv-02113-JCM-RJJ, Order).  On March 29, 2010, Judge Mahan clarified that this motion to dismiss was without prejudice.  (Dkt. #24, 2:09-cv-02113-JCM-RJJ, Order).  The First Lawsuit is now closed.

         On April 20, 2010, Barnhart filed the current action, his second suit against Defendants (the "Second Lawsuit"), in the Eighth Judicial District Court of the State of Nevada.  Instead of realleging TILA violations, Barnhart only alleged state law claims.  Specifically, Barnhart alleges the following causes of action: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) civil conspiracy; (4) deceptive trade practices; and (5) unjust enrichment.  On June 20, however, Defendants removed the case to this Court on both federal question and diversity grounds.  Then on July 16, Defendant Capital One filed a motion to dismiss, to which MERS joined.  On July 27, Capital One and MERS also filed a motion to cancel *lis pendens* and Defendant TD filed its own separate motion to dismiss.  Finally, on August 13, Barnhart filed a motion to amend his complaint in which he relinquished all of his original claims and replaced them with four TILA claims: (1) Selling and Originating Mortgages in Violation of TILA Prior to Closing; (2) Servicing Mortgage Loans Without Mandatory TILA Disclosures Subsequent to

/

1  Closing; (3) False Advertising under TILA, Regulation Z; and (4) Recision of Mortgage Contract
2  Under 15 U.S.C. § 1635(b) and 15 U.S.C. § 1640(a).
3        Barnhart then filed another lawsuit (the "Third Lawsuit") in the Eighth Judicial
4  District Court of the State of Nevada on August 31, 2010, naming the same entities in the instant
5  action as Defendants.  This third lawsuit asserts several state law claims: (1) wrongful foreclosure
6  (against TD); (2) violation of Nevada's consumer protection laws; (3) fraud; (4) violation of the
7  covenant of good faith and fair dealing; (5) wrongful foreclosure (against Chevy Chase); (6) unjust
8  enrichment; (7) intentional infliction of emotional distress.  On October 13, Capital One filed a
9  petition for removal with the U.S. District Court for the District of Nevada and the case was
10 referred to the Honorable Phillip M. Pro.  Barnhart immediately objected to the removal of this
11 case and subsequently filed a motion to remand (Dkt. #24, 2:10-cv-01780-RLH-PAL, November
12 8, 2010).  Then on November 19, Judge Pro granted a motion to consolidate the Third Lawsuit
13 with the instant action, the Second Lawsuit.
14       For the reasons discussed below, the Court grants in part and denies in part
15 Barnhart's motion to amend, denies as moot Capital One's motion to dismiss and TD's motion to
16 dismiss, and grants Capital One and MERS' motion to cancel lis pendens.  The Court further
17 denies the motion to remand filed by Barnhart in the Third Lawsuit.
18 **DISCUSSION**
19 **I.  Barnhart's Motion for Leave to Amend**
20     **A.  Legal Standard**
21       Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its
22 complaint only by leave of the court once responsive pleadings have been filed and in the absence
23 of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789,
24 799 (9th Cir. 2001).  The court has discretion to grant leave and should freely do so "when justice
25 so requires."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R.
26 Civ. P. 15(a)(2)).  Nonetheless, a district court may deny leave to amend if it will cause: (1) undue

AO 72
(Rev. 8/82)

delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Defendants Capital One and MERS challenge this motion to amend on the grounds that the amendment would be futile. A proposed amendment is futile if no set of facts can be proven under the amendment that would constitute a valid claim or defense. *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss. *Id.* (quoting *Miller*, 845 F.2d at 214). Under this standard, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When the claims in a proposed complaint have not crossed the line from conceivable to plausible, plaintiff's motion to amend must be denied. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (establishing the legal standard for a Rule 12(b)(6) motion to dismiss).

**B.     Analysis**

Because the Court denies in part and grants in part Barnhart's motion to amend, the Court will discuss each proposed claim individually and in order.

**1.     Violations of TILA Prior to Closing**

The Court denies Barnhart's motion to amend with respect to his first claim because, *inter alia*, the statute of limitations has expired. Barnhart's first claim for violations of TILA seeks damages and recission. Damages claims under TILA must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). Barnhart's first claim alleges that Defendants violated TILA in various ways prior to closing. Because this cause of action commenced on April 20, 2010—almost four years after closing—the statute of limitations under TILA has expired. Furthermore, TILA limits a borrower's right of recission to a three-year

statute of limitations. 15 U.S.C. § 1635(f).  The limitations period begins to run on the date of the consummation of the transaction in question, *i.e.*, the close of escrow.  *Id*.  Therefore, because this action was brought more than three years following closing, the statute of limitations has expired.

In addition, the Court finds that these allegations fail as a matter of law.  TILA requires creditors to disclose certain information about the terms of the loan to the prospective borrower.  *See e.g.*, 15 U.S.C. §§ 1631-1632, 1638; 12 C.F.R. § 226.17.  Barnhart does not claim that Defendants failed to disclose the terms of the loan, he claims that Defendants changed the terms he agreed to during prior negotiations.  Both the Truth in Lending Disclosure Statement (Dkt. #42, Response to Motion to Amend, Ex. 4) and the Promissory Note (Dkt. #18, Request for Judicial Notice, Ex. A) clearly indicate the terms of the loan in question and Barnhart signed both of those documents.  Therefore, Barnhart fails to identify any nondisclosures that would establish a TILA action for damages.  Furthermore, the Court notes that Barnhart is a sophisticated and experienced realtor who could have easily recognized any changes in the terms of the loan and addressed those issues during closing.

### 2. Violations of TILA After Closing

The Court denies Barnhart's motion to amend with respect to his second claim because he has not pled sufficient facts to state a valid claim for relief.  Barnhart claims that "Defendant" violated TILA by failing to provide proper notice when the interest rate of the loan in question changed.  However, Barnhart does not clarify which Defendant was responsible for this alleged violation (or violations).  This is important in determining whether or not that particular Defendant can be held liable under TILA.  Nor does Barnhart clarify when this alleged violation (or violations) occurred.  This is important because this alleged violation is likely to have occurred at a time which would bar this claim under the statute of limitations.  Thus, this claim amounts to nothing more than a formulaic recitation of the elements of a cause of action under 12 C.F.R. § 226.20(c).  Accordingly, the Court finds that allowing Barnhart to amend his complaint to include this claim would be futile and denies the motion to amend with respect to this claim.

### 3. False Advertising Under TILA

The Court denies Barnhart's motion to amend with respect to his third claim because the statute of limitations has expired. Plaintiff claims that Defendants engaged in deceptive advertising in violation of TILA. However, as discussed above, damages claims under TILA may only be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The alleged false advertising in this action occurred before the July 2006 closing and this action commenced in April 2010, almost four years after the alleged false advertising occurred. As a result, Barnhart cannot supply a set of facts that would constitute a valid claim. Accordingly, it would be futile to allow Barnhart to amend his complaint to include this claim.

### 4. Violation of §§ 1635 and 1640

The Court grants Barnhart's motion to amend with respect to his fourth claim. Barnhart alleges that Capital One, as successor by merger to Chevy Chase, violated § 1635 of TILA. Section 1635 sets forth the process that a debtor and creditor must follow when the debtor exercises his right of recission. If a creditor fails to comply with that process it may be liable under § 1640(a) of TILA. In order to assert a valid claim against a creditor under §§ 1635 and 1640, a debtor must show (1) he has a right to rescind, and (2) the creditor failed to respond to the debtor's notice of intent to rescind. The Court will discuss both of these elements immediately below.

First, a debtor has the right to rescind if the creditor fails to provide the debtor with certain material disclosures. Specifically, Regulation Z (the federal regulation implementing TILA) requires a creditor to provide a debtor with notice of the debtor's right to rescind the loan agreement under certain circumstances. Regulation Z provides a model form that a creditor may use to satisfy this notice requirement. However, use of that form is not required. So long as the creditor uses something similar to that form the notice requirement has been satisfied. 12 C.F.R. § 226.23(b)(2). If, on the other hand, the creditor does not provide the debtor with this notice, then

AO 72
(Rev. 8/82)

1  the debtor has a right to rescind the loan agreement.  In this case, it is not clear from the record
2  whether or not Barnhart received notice of his right to rescind.  The Court has combed the record,
3  including all of the exhibits, in search of the notice of right to rescind, but has not located it.  Thus,
4  whether the notice of right to rescind was provided is a factual question that is not properly
5  addressed at this point.

6        Second, assuming Barnhart has a right of recission, § 1635 sets forth the process
7  that a debtor and creditor must follow when the debtor exercises his right of recission.  Under that
8  process, once a creditor receives a notice of recission, it has 20 days to either challenge the notice
9  or to take the necessary steps to rescind the contract (*i.e.*, return any money given as earnest money
10 or as a downpayment and take any action necessary to reflect the termination of any security
11 interest created under the transaction).  If a creditor fails to respond it is liable for any actual
12 damage that the debtor may incur as a result of that failure. 15 U.S.C. § 1640(a)(1).  In this case,
13 Chevy Chase received a notice of intent to rescind from Barnhart on July 2, 2009, but allegedly
14 failed to respond to that notice within 20 days of receipt of the same.

15       Accepting Barnhart's allegations as true, the Court finds that he has pled sufficient
16 facts to state a valid claim under §§ 1635 and 1640.  Therefore, the Court grants Barnhart's motion
17 to amend with respect to his fourth claim.

18 **II.**    **Defendant Capital One and TD's Motions to Dismiss**

19       Both Capital One and TD's motions to dismiss were based on Barnhart's original
20 complaint, which only consisted of state law claims.  Because the Court has partially granted
21 Barnhart's motion to amend his complaint, the original complaint is no longer operative and the
22 causes of action asserted therein are abandoned.  Accordingly, the Court denies both motions to
23 dismiss as moot.

24 **III.**   **Capital One and MERS' Motion to Cancel Lis Pendens**

25       The Court grants Capital One and MERS' motion to cancel lis pendens.  Nevada
26 law requires a plaintiff to file a notice of *lis pendens* at the time he files the complaint.  N.R.S. §

14.010.  Barnhart filed his original complaint on April 20, 2010, but failed to file his notice of *lis pendens* until June 22, 2010.  Therefore, the Court grants the motion to cancel *lis pendens*.

### IV.     Barnhart's Motion to Remand to State Court

The Court denies Barnhart's motion to remand as moot.  Barnhart argues that the Third Lawsuit should be remanded to state court because there is no federal question and the amount in controversy does not exceed $75,000.00.  However, now that the Third Lawsuit has been consolidated to this action (the Second Lawsuit), there is a federal question and the amount in controversy does exceed $75,000.00.  Accordingly, Barnhart's motion to remand is denied as moot.

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS FURTHER ORDERED that Plaintiff Barnhart's Motion to Amend Complaint (#38) is GRANTED in part and DENIED in part, as follows:

- The Motion is DENIED as to Barnhart's first, second and third proposed causes of action.
- The Motion is GRANTED as to Barnhart's fourth proposed cause of action. The Court instructs Plaintiff Barnhart to file an Amended Complaint without the futile claims within 10 (ten) days.

IT IS HEREBY ORDERED that Defendant Capital One's Motion to Dismiss (#16) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant TD's First Motion to Dismiss (#25) is DENIED as moot.

IT IS FURTHER ORDERED that Defendants Capital One and MERS' Motion to Expunge Lis Pendens (#26) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Barnhart's Motion to Remand to State Court (#24, Case No.: 2:10-cv-01780-RLH-PAL) is DENIED as moot.

Dated: December 1, 2010

_____
ROGER L. HUNT
Chief United States District Judge